Mr. Justice Colcock
delivered t’ne opinion of the Court.'
No rule in pleading is better established, than .that the probata and allegata must correspond. Now the charge here was, that on a given day a trespass was committed on a horse and two cows, and the proof was, that on the day mentioned in the declaration, a trespass was committed on the horse alone. The reason of the rule is obvious. If one thing could be charged and another proved, how could a defendant come prepared with, testimony? In the case before us vvhat was there to induce the defendant, when called upon to answer for a trespass alleged to have been committed in 1817, to know that he was to be prepared to •answer for another committed in 1820? Would the exhi- *167 bill on of one charge be sufficient to require him to answer for the transgression of a whole life ; Surely not.
M’Duffie, for the motion.
Gist, contra.
It is a rule that if the trespasses are of a permanent nature, in which the injury is continually renewed, the declaration should state it with a continuando. But where the injuries and acts terminate in themselves, and being once done, cannot be done again, there can be no continu-ando. As killing a number of horses, each of which is a separate act, these are to be declared on as done diversis diebus et vicibus, between sucli and such a time. (1 Espinasse N. P. Gould Edi. part 11, 295.) And in 2 Ghitty, 367, note (s) it is said,' “ But if only one day be mentioned, the plaintiff will not be permitted to give evidence of more than one act of trespass; and ior this refers to the highest authorities. The evidence therefore ought to have been rejected, and the motion is granted.
Justices Neff, Johnson, Richardson and Gantt, concurred.